IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CR 10-0774 JB

DAN KEITH BOBELU,

    Defendant.

### AMENDED[1] MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed April 14, 2011 (Doc. 34). The Court held a sentencing hearing on April 15, 2011. The primary issue is whether the Court should sentence Defendant Dan Keith Bobelu to a term of ten years imprisonment. The Court will accept the plea agreement in this case. The Court has reviewed the factual findings in the Presentence Investigation Report ("PSR") with care. There not being any objections to those, the Court adopts those as its own. The Court has also considered the sentencing guideline applications. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 35853(a) sets forth. The Court notes that Bobelu used a Glock, Model 23, .40 caliber semi-automatic pistol to commit a crime of violence as he shot the victim in the arm. The statutory mandatory minimum for this crime is ten years.[2] The United States had no objection to Bobelu's request for the mandatory minimum

---

[1] The Court files this Amended Memorandum Opinion and Order to clarify the guideline sentence. This footnote and footnote 2 are the only changes to the Memorandum Opinion and Order.

[2] The guideline sentence is the minimum term of imprisonment that the statute requires, which, in this case, is ten years imprisonment. See U.S.S.G. § 2K2.4. Bobelu thus essentially seeks

sentence of ten years -- 120 months. The Court has considered the guidelines, but in arriving at its sentence, it has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range and the sentencing recommendation established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the range the guidelines set forth is appropriate for this sort of offense. The Court considered the possibility of something higher, because of the seriousness of the crime, but it believes that the guideline recommendation is the appropriate range for this matter. Bobelu has expressed remorse for what he did and the consequences he has caused by his act. Bobelu has expressed interest in obtaining a graduate equivalency diploma so that, upon his release, he can become a productive member of society. He has also expressed interest in remaining alcohol and drug free. The Court believes that a sentence of 120 months is sufficient to reflect the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. Because of some of the things the Court will impose as conditions of supervised release -- that Bobelu must participate in and successfully complete a substance abuse treatment program and that Bobelu must refrain from the use and possession of alcohol and other forms of intoxicants -- the Court believes that this sentence will help provide Bobelu with training and care to overcome the problems that he has had to date in life, such as his substance abuse problems. The Court believes that this sentence fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. The Court also believes that this sentence is reasonable and that it is sufficient without being greater than necessary to comply with the purposes of punishment that the Sentencing Reform Act sets forth.

---

what the guidelines recommend to be the imprisonment, which is the minimum statutory sentence; he therefore must be asking the Court not to go above the minimum available sentence.

**IT IS ORDERED** that Defendant Dan Keith Bobelu's request for a sentence of 120 months in the Defendant's Sentencing Memorandum, filed April 14, 2011 (Doc. 34), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Defendant*